IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50979
Conference Calendar

_____


RONALD LEE BARLOW,

                                        Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, Chairman,
Texas Department of Criminal Justice,
Parole Division,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 98-50979
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ronald Lee Barlow, Texas prisoner # 185946, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 civil rights lawsuit alleging that his inability to receive annual parole-review hearings violates his constitutional rights under the Due Process and Equal Protection Clauses. However, he does not brief any argument in connection with the dismissal of his equal protection claim, and it is therefore

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned); Fed. R. App. P. 28(a).

Barlow challenges the district court's failure to distinguish his due process claim, which he asserts is based on a property interest, from those raised by prisoners asserting a liberty interest in parole.  Despite his arguments to the contrary, Barlow's allegations show that he is really asserting a liberty interest in a parole-review hearing, and the claim therefore fails.  See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997).  Barlow is aware that such a claim will not succeed in this court, and his attempt to cast his claim in terms of a property interest is frivolous.

Barlow also challenges the district court's determination that he raised an ex post facto claim.  Even if his contention that he has not raised an ex post facto claim is accepted as true, his argument does not affect the disposition of the case, i.e. it does not demonstrate that the district court erred in dismissing his complaint on summary judgment, and it is therefore of no moment.

Barlow's appeal is without arguable merit and is thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, it is dismissed.  5TH CIR. R. 42.2.

APPEAL DISMISSED.